## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRANDON WAGNER,

    Plaintiff,

    v.                                                No. CIV 10-1191 MCA/KBM

MATT MURRAY,
LANCE A. PYLE,
CARLOS ORTIZ,

    Defendants.

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint, and on motions to dismiss (Docs. 6, 19) filed by Defendants Murray and Pyle. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of five claims of constitutional violations while Plaintiff was housed at the Curry County, New Mexico, Detention Center. The Defendants are the county sheriff (Murray), the county manager (Pyle), and the jail administrator (Ortiz) at the time of the alleged violations. The complaint alleges that staff at the center are under-trained and that Plaintiff was denied access to his attorney, placed in solitary lockdown for more than thirty days, sprayed with mace and other gasses, denied adequate medical treatment, and forced to sleep on the floor. The sheriff and county manager have moved to dismiss claims against them on the basis of qualified immunity and other grounds. Plaintiff contends that Defendants' actions have violated his constitutional protections, and he seeks damages.

No relief is available on Plaintiff's claims against Defendants Murray and Pyle. The complaint contains no allegations against these Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* Here, Plaintiff's only allegation against Defendant Murray is that he was interviewed by a reporter about conditions at the facility. The only mention of Defendant Pyle is that he received a resignation letter from Defendant Ortiz. These allegations do not assert personal involvement of Defendants Murray and Pyle in the alleged violations. The Court will grant the motions to dismiss without reaching the issue of

qualified immunity.  Plaintiff's claims against these Defendants will be dismissed.

IT IS THEREFORE ORDERED that, to the extent the motions to dismiss (Docs. 6, 19) filed by Defendants Murray and Pyle assert the defense of failure to state a claim, the motions are GRANTED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Murray and Pyle are DISMISSED with prejudice, and Defendants Murray and Pyle are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint and this Order, for Defendant Ortiz.

_____
UNITED STATES DISTRICT JUDGE